The Honorable Sue Madison State Representative 573 Rick Cliff Road Fayetteville, AR 72701-3809
Dear Representative Madison:
This is in response to your request for an opinion on the following questions concerning construction projects on state lands:
 1. Generally, what authority does State Building Services have over the construction of buildings on state or state institutions of higher education land?
 2. If a project is constructed under the provisions of Act 961 of 1997:
 A. Does State Building Services have any authority or responsibilities over the planning, inspection, and construction of the project?
 B. Is the construction subject to federal, state, and local building codes, inspections, and permit requirements?
 C. Who holds legal title and responsibility for the land and/or building?
 D. Must the institution of higher education be the contracting party with the general contractor, or may an affiliated foundation or other entity contract directly with the general contractor?
 E. Must all disbursements for the construction be made directly by the institution of higher education, or may the private funds be paid to the contractor directly by a foundation or other entity?
 3. A. May an affiliated entity (such as a university foundation), an association, or other not-for-profit or for-profit corporation construct a building on state land of a state-supported institution of higher education independent of the provisions of Act 961 of 1997?
 B. If the answer to question 3A is "yes," is the construction subject to:
1) State Building Services review and inspections;
2) state public works laws and regulations;
 3) federal, state, and local building codes, inspections, and permit requirements; and
4) who holds legal title and responsibility for the building?
Question 1 — Generally, what authority does State Building Services haveover the construction of buildings on state or state institutions ofhigher education land?
The general role and authority of the Arkansas State Building Services ("SBS") in this regard are found in the Arkansas State Building Services Act, which is codified as A.C.A. § 22-2-101 et seq. (Repl. 1996 and Supp. 1997). The construction of buildings on state or state institutions of higher education land would, I believe, generally fall within the definition therein of "capital improvement[s]." A.C.A. §22-2-102(1).[1] See also § 22-2-102(5) (defining "state agency" to include institutions of higher learning). Reference should be made, in particular, to A.C.A. §§ 22-2-107, which creates within the State Building Services several specific offices to which certain duties and responsibilities are assigned, and 22-2-108, which sets out the general duties and responsibilities to be carried out by the State Building Services under the policies, guidelines, standards, and procedures established by the State Building Services Council as created by §22-2-106. The schedules of supervision established in §§ 22-2-111 through -113, and which are based upon three types of projects, should also be noted.
These provisions compose the main grant of authority to SBS over construction on state or state institutions of higher education land.
Question 2 — If a project is constructed under the provisions ofAct 961 of 1997:
 A. Does State Building Services have any authority or responsibilities over the planning, inspection, and construction of the project?
It is my opinion that the answer to this question is in all likelihood "no," as a general matter. Act 961 is codified as A.C.A. § 19-4-1413
(Repl. 1998).[2] Although the State Building Services is not specifically named, this legislation clearly provides in relevant part that:
 . . . the provisions of this subchapter [subchapter 14 of chapter 4 of Title 19] and of all other provisions of the Arkansas Code Annotated governing construction of public facilities, including, but not limited to, the provisions of §§ 22-9-101 — 22-9-103 and §§ 22-9-201 — 22-9-212
shall not be applicable to such projects. . . .
A.C.A. § 19-4-1413(a) (Repl. 1998).
This reference in § 19-4-1413 to "all other provisions of the Arkansas Code Annotated governing construction of public facilities" is probably sufficiently broad to encompass those Code provisions establishing the authority and responsibility of SBS with respect to planning, inspection, and construction. See Chapter 2 of Title 22 of the Arkansas Code.
Question 2B — Is the construction subject to federal, state, andlocal building codes, inspections, and permit requirements?
With regard, first, to local building requirements, reference must be made to A.C.A. § 22-9-213 (Repl. 1996), which provides:
 Public works construction projects conducted by Arkansas State Building Services or other state agencies are exempt from permit fees or inspection requirements of county or municipal ordinances. [Emphasis added.]
It seems clear that this exemption would extend to projects constructed in accordance with § 19-4-1413. Thus, in my opinion, the answer to this question is "no" as to local building codes, inspections, and permit requirements.
Your question regarding federal or state requirements cannot be fully addressed in the limited format of this opinion. Certainly, as to construction standards enforced by SBS (see A.C.A. § 22-2-107 and -108), inspections and other requirements in that regard would in my opinion be inapplicable in accordance with the exception in Act 961 (A.C.A. §19-4-1413(a)). See response to Q.2A, above. As for any other inspection or permit requirements, however, this may require reference to the particular project. If, for instance, federal funds are involved, consideration would have to be given to the possibility of a preemptive federal requirement. With regard to state law, such requirements as the so-called "Plumbing Code" (A.C.A. §§ 17-38-101 et seq.), the Fire-Prevention Act (A.C.A. §§ 12-13-101 et seq.), and elevator inspection and permit provisions (A.C.A. § 20-24-101 et seq.) will likely apply. I cannot, however, undertake an analysis of each potentially applicable construction requirement. If there is a question regarding a particular requirement, I will of course address that issue upon request.
Question 2C — Who holds legal title and responsibility for the landand/or building?
This will, I believe, involve a factual determination outside the scope of an official Attorney General opinion. These matters are not addressed in § 19-4-1413. While it seems clear that a construction project falling under § 19-4-1413 is "for the benefit of the [higher education] institution" (§ 19-4-1413(a)(3)), this Code section offers no specific guidance regarding legal title or responsibility for the land or building. Presumably, these are matters that would be addressed by those parties involved in the particular undertaking. Please note, however, that there may be other statutory provisions to consider in connection with deeds to state property and transfer of state lands. See, e.g., A.C.A. §§22-5-411 (Repl. 1996) (regarding filing of deeds) and 22-6-601 (Supp. 1997) (sale procedure). See also A.C.A. §§ 6-62-501 et seq.) (Repl. 1996) (authorizing trust conveyances). The applicability of these and any other general Code provisions involving legal title and responsibility for state lands will require reference to the particular facts and circumstances.
Question 2D — Must the institution of higher education be the contractingparty with the general contractor, or may an affiliated foundation orother entity contract directly with the general contractor?
As with Question 2(C) above, this is not specifically addressed in §19-4-1413. Although certain responsibilities are assigned to the governing board of the institution in connection with, inter alia,
selection of a contractor (see subsections (a)(1) and (2) of §19-4-1413), there is no explicit requirement that the institution be the contracting party. There does appear to be an assumption that the institution will enter into a contract (see § 19-4-1413(a)(2) (regarding the summary statement to be filed "[b]efore the public institution of higher education shall enter into a contract with . . . [a] contractor. . . .") But it must also be recognized that there is authorization for the private funds to be paid "to a fund or foundation for the benefit of the institution. . . ." A.C.A. § 19-4-1413(a)(3). It may reasonably be assumed that a contract between the fund or foundation and the contractor would be necessary or at least desirable in that instance. And I perceive no prohibition in this regard.
Question 2E — Must all disbursements for the construction be madedirectly by the institution of higher education, or may the private fundsbe paid to the contractor directly by a foundation or other entity?
As noted above, provision is made in § 19-4-1413(a)(3) for payment of the private funds to a fund or foundation for the benefit of the institution. I thus conclude in light of this provision that the private funds may be paid directly to the contractor in that instance.
Question 3A — May an affiliated entity (such as a universityfoundation), an association, or other not-for-profit or for-profitcorporation construct a building on state land of a state-supportedinstitution of higher education independent of the provisions ofAct 961 of 1997?
 3B. If the answer to Question 3A is "yes," is the construction subject to:
 1) State Building Services review and inspections;
 2) state public works laws and regulations;
 3) federal, state, and local building codes, inspections and permit requirements; and
 4) who holds legal title and responsibility for the building?
It is difficult to address these general questions in the absence of any specific information concerning the particular construction project. With regard to Act 961, it should be noted that this act (A.C.A. § 19-4-1413) does not, according to my review, purport to provide authority for a private entity to construct a building on state land. Rather, as stated in its title, this is "[a]n act to streamline the process for the use of private funds in public construction projects[.]" As provided in subsection (a) of § 19-4-1413, state laws governing construction of public facilities are not applicable if private funds sufficient to meet the stated threshold are "provided to a public institution of higher education for project. . . ." The private funding source may consider that it is, indirectly, constructing the project falling within Act 961. But to the extent your question involves the actual entry on state land by an affiliated or non-affiliated entity for construction of a building, I must point out that this is simply a separate question which is not addressed or considered in Act 961.
These are questions, moreover, that in my opinion can only be satisfactorily addressed in the context of a specific undertaking, with reference to all of the surrounding facts and circumstances. Given more information, I will of course be glad to assess the role of State Building Services and the applicability of other state and local regulations. But I am unable to address these matters under the general hypothetical question posed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Note that this definition includes "all lands, buildings, . . . and all construction, repairs, alterations, and renovations thereof which are undertaken, owned, operated, or otherwise managed by a state agency. . . ."
[2] This piece of legislation addresses public institution of higher education construction projects which are funded from private sources. It authorizes particular procedures for those projects meeting the thresholds established therein; and it renders inapplicable as to such projects "all other provisions of the Arkansas Code Annotated governing construction of public facilities. . . ." A.C.A. § 19-4-1413(a) (Repl. 1998).